### W. G. CARROLL V. THE STATE.

No. 11004.   Delivered June 24, 1927.

**Attempting to Pass a Forged Instrument—Evidence Insufficient.**

Where on a trial for attempting to pass as true, a forged check, the state wholly failing to show that the check was a forgery, the trial court should have instructed a verdict of not guilty.

Appeal from the District Court of Wilbarger County.   Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for attempting to pass a forged check, penalty two years in the penitentiary.

The opinion states the case.

*Davenport & Crane* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was convicted for attempting to pass as true a check for $65.00 drawn on the Waggoner National Bank of Vernon, in favor of H. L. Wilson, and purporting to be signed by Robert P. Reid. Punishment was assessed at two years in the penitentiary.

At the conclusion of the evidence appellant's attorney requested the court to instruct the jury to return a verdict of not guilty on the ground that the evidence was insufficient to show the check to be a forgery. He urges error in the refusal of the court to give such instruction. His complaint must be sustained. Mr. Piper, an officer of the bank, testified that appellant presented the check at the bank for payment and when question was raised about it claimed to have gotten it from one Porter-

field; that he (Piper) went with appellant to find Mr. Porterfield, and that appellant ran off, was pursued by witness who called the officer by whom appellant was finally caught. The suspicious act of appellant in running away must account for the conviction, the state's evidence being wholly insufficient to make out a case. In the statement of facts before us, it appears that Mr. Piper testified that "Robt. P. Reid signed it," that is, the check. He may have intended to say that his name appeared on it as the signer but the record reflects the statement quoted. It further appears from the evidence that Robt. P. Reid had worked for an oil company at one time and had an account with the bank which had his genuine signature on a "signature card." Reid was not called as a witness to deny the signing of the check. If he was not available to the state the record fails to show it. Neither was the signature card produced to furnish a predicate for comparison with the signature on the check to show it was not Reid's signature. If his presence could not be had certainly the state was in a position to have made some proof to show Reid's absence and lack of opportunity to execute the check and by comparison of handwriting show the name on the check was not his signature.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*